# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISMA GRIGGS, | 1:10-cv-412 OWW-GSA |
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD |
| v. | |
| TULARE DISTRICT HOSPITAL, MICHAEL BULLOCK and CRAIG TANAKA | ORDER ADVISING PLAINTIFF OF STATUS CONFERENCE SET FOR APRIL 27, 2011 at 9:00 am |
| | (Document 35) |
| Defendants. | |

## INTRODUCTION

On February 17, 2011, Plaintiff's counsel, William J. Smith, Esq., of Smith and Bryant ("Counsel") filed a Motion to Withdraw as Counsel for Plaintiff, Chrisma Griggs ("Plaintiff"). (Doc. 15). No opposition to the motion was filed. The motion heard on April 15, 2011 at 9:30 am. Attorney William Smith appeared on behalf of Plaintiff. Sharilyn Payne appeared on behalf of Defendant Tulare District Hospital, and Carrie Lin appeared on behalf of Defendant Sodexo.[1] Plaintiff did not appear. Upon a consideration of the pleadings, the Motion for Withdrawal of Counsel is GRANTED.

---

[1] All attorneys made telephonic appearances.

1

## FACTS

A complaint was filed in this action on March 8, 2010. The complaint alleges Defendants, Tulare District Hospital, Michael Bullock and Craig Tanaka engaged in sexual harassment, retaliation and sexual discrimination against Plaintiff. Specifically, Plaintiff alleges that she was employed by Tulare District HealthCare Systems and Defendants Michael Bullock and Craig Tanaka were her supervisors in March 2007 at the time of the alleged unlawful conduct. Plaintiff contends Defendants engaged in unlawful employment practices including making offensive and unwanted sexually-oriented comments to Plaintiff, leering at Plaintiff in a sexually offensive manner, and touching Plaintiff's body. Plaintiff alleges that when she rejected the harassment, she was subjected to unjust discipline, continued harassment, and constructive discharge. Plaintiff contends that Defendant Tulare District Hospital failed to provide her with a workplace that was free of discrimination and harassment, and that she suffered emotional distress as result of Defendants' conduct.

The complaint alleges a cause of action for sexual harassment under a Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* (hereinafter, "Title VII") and a cause of action for sexual harassment pursuant to California Government Code § 12900 *et seq*. Plaintiff is seeking various forms of relief including, but not limited to, front and back pay, employment benefits, emotional distress damages, compensatory and punitive damages, attorney's fees, costs, injunctive relief and any other just relief.

Defendant Tulare District Hospital filed an answer on June 28, 2010, as well as a cross-claim against Sodexo America, LLC, on September 22, 2010. (Docs. 12 and 17). Sodexo America was an independent contractor and the alleged employer of Defendant Craig Tanaka. Defendants Craig Tanaka and Michael Bullard have not appeared in this action.

## DISCUSSION

Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to

1 withdraw. Withdrawal as attorney is governed by the Rules of Professional
2 Conduct of the State Bar of California, and the attorney shall conform to the
requirements of those Rules. The authority and duty of the attorney of record shall
3 continue until relieved by order of the Court issued hereunder. Leave to withdraw
may be granted subject to such appropriate conditions as the Court deems fit.
4 L.R. 180(d).

5       Counsel's Motion to Withdraw contains a declaration filed by William J. Smith dated

6 February 17, 2011, which indicates that there has been a breakdown of communication between

7 counsel and Plaintiff. (Doc. 37). Plaintiff has refused to participate in her deposition because she

8 is eight months pregnant and she has failed to take the advice of counsel. At the hearing, counsel

9 indicated has not had any contact with Plaintiff in approximately six weeks despite numerous

10 attempts to contact her via telephone and e-mail. Counsel notified Plaintiff of the Motion to

11 Withdraw and served her with a copy of the motion. No opposition to the motion to withdraw has

12 been filed.

13       Rule 3-700(A)(2)of the California Rules of Professional Conduct provides that a "member

14 shall not withdraw from employment until the member has taken reasonable steps to avoid

15 reasonably foreseeable prejudice to the rights of the client, including giving due notice to the

16 client, allowing time for employment of other counsel, complying with rule 3-700(D),[2] and

17 complying with applicable laws and rules." Requests for permissive withdrawal must be based on

18 whether the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the

19 employment effectively[.]" Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct.

20 In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according to

21 California state law. *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212,

22 1215 (N.D. Cal. 1993). Withdrawal is only proper if the client's interest will not be unduly

23 prejudiced or delayed. *Moore v. United States*, 2008 WL 1901322, *3 (E.D. Cal. Apr. 28, 2008);

24 *California v. M & P Investments*, 2007 WL 3119666, *2 (E.D. Cal. Oct. 23, 2007) (citing *Ramirez*

25 *v. Sturdevant*, 21 Cal.App.4th 904, 915-16 (1994)). In doing so, courts may consider the

26 following factors: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may

27

28     [2] Section 3-700(D) pertains to returning property and funds to clients.

3

1  cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and
2  (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp. v. Innovative*
3  *Safety Tech., LLC*, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); *Beard v. Shuttermart of*
4  *California, Inc.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008)).

5  In this case, the court has examined the four factors listed above. Counsel has provided Plaintiff with notice of the motion and with time to find additional counsel.  No opposition to the motion was filed and Plaintiff has stopped communicating with counsel.  Moreover, this litigation is in its early stages so the prejudice to the other parties is minimal.[3]  Accordingly, the Motion to Withdraw as Counsel is GRANTED. Counsel shall make arrangements to transfer Plaintiff's file and any of Plaintiff's property to Plaintiff forthwith.

Plaintiff is advised that a status conference will be held on **Wednesday, April 27, 2011 at 9:00 am in Courtroom 10**.[4]  Plaintiff **shall personally appear at this conference**.  The Court strongly recommends that Plaintiff obtain counsel to represent her in these proceedings.  New counsel may appear on Plaintiff's behalf if he/she is retained prior to the status conference. Plaintiff is advised that failure to personally appear, or to have new counsel appear on her behalf, may result in dismissal of this action.

The Clerk of the Court is directed to serve Plaintiff with a copy of this order at her last know address, as well as at the e-mail address provided by counsel in his declaration filed on April 15, 2011. (Doc. 40).

IT IS SO ORDERED.

Dated:   **April 18, 2011**           /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants expressed concerns that the non-expert and expert disclosure dates were set for April 29, 2011 and May 2, 2011 respectively.  The possibility of setting new dates will be discussed at the status conference.

[4] The status conference was originally set for April 25, 2011 at 10:00 am but needed to be rescheduled due to a conflict with the Court's calendar.