# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISMA GRIGGS,            )<br>                            )<br>     Plaintiffs,          )<br>                            )<br>     v.                     )<br>                            )<br>TULARE DISTRICT HOSPITAL et al., )<br>                            )<br>     Defendants.           )<br>_____) | 1:10-cv-412 OWW GSA<br><br><br><br>**ORDER TO SHOW CAUSE** |

      This Court granted Plaintiff's counsel motion to withdraw on April 19, 2011.  (Doc. 43). The case was set for an Status Conference on April 27, 2011, and Plaintiff was ordered to personally appear, or alternatively, to have new counsel appear on her behalf.  However, Plaintiff failed to attend the hearing as required.

      Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiff is **ORDERED** to personally appear before the undersigned in Courtroom 10 on May 25, 2011, at 9:30 a.m., to show cause, if any, why sanctions should not be imposed for a failure to follow this Court's previous order. Failure to appear as ordered will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 29, 2011**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE