**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISMA GRIGGS, | ) | 1:10-cv-412 OWW GSA |
| | ) | |
| Plaintiffs, | ) | **RESCHEDULING OF** |
| | ) | **ORDER TO SHOW CAUSE** |
| v. | ) | **HEARING** |
| | ) | |
| TULARE DISTRICT HOSPITAL et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This Court granted Plaintiff's counsel motion to withdraw on April 19, 2011.[1] (Doc. 43). The case was set for an Status Conference on April 27, 2011, and Plaintiff was ordered to personally appear, or alternatively, to have new counsel appear on her behalf. (Doc. 43). However, Plaintiff failed to attend the status conference as required.

    Accordingly, on April 29, 2011, this Court issued an Order to Show Cause why sanctions should not be imposed for Plaintiff's failure to follow this Court's orders. (Doc. 45). The hearing was set for May 25, 2011 at 9:30 am and Plaintiff was ordered to personally appear.

    The hearing was held on May 25, 2011. Sharilyn Payne and Ronald Statler appeared

---

[1] Plaintiff did not oppose this motion nor did she make an appearance at the hearing on April 15, 2011.

1

telephonically on behalf of Defendant Tulare District Hospital, and Carrie Lin appeared telephonically on behalf of Sodexo America.  Plaintiff did not attend the hearing, however, she did call this Court on May 24, 2011, requesting a continuance as she no longer lives in the Fresno area and she could not make day care arrangements for her children.

        Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

        Although Plaintiff did not personally appear for the Order to Show Cause Hearing as

ordered, she did attempt to contact the Court.[2]  Accordingly, the Court will continue the hearing.  As such, Plaintiff is ORDERED TO **PERSONALLY APPEAR** before the undersigned in Courtroom 10 on **Monday, July 11, 2011 at 10:30 am** to show cause, if any, why sanctions should not be imposed for a failure to follow this Court's previous orders.  Plaintiff is advised that this is the **last** time this case will be continued and that any future correspondence with the Court must be done in writing, served on all of the parties, and filed in the Clerk's office pursuant to Local Rule 133(d).  Communication with the Court outside of the presence of the other parties is considered Ex Parte communication, is improper, and will not be considered.

**Plaintiff is advised that failure to personally appear may result in dismissal of this action.  As a pro se litigant, Plaintiff is responsible for familiarizing herself with the relevant law, the Federal Rules of Civil Procedure, as well as this Court's Local Rules in order to prosecute this action.  Plaintiff is also advised that she must inform the Clerk's office in writing of any change of address pursuant to Local Rule 183.**

IT IS SO ORDERED.

Dated:   **May 26, 2011**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff also called the Court on May 25, 2011, approximately ten minutes after the OSC hearing concluded.  She was advised that the mater was continued and she was provided with the next hearing date and time as outlined in this order over the telephone.