# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISMA GRIGGS, | ) 1:10cv412 OWW GSA |
| | ) |
| Plaintiff, | ) ORDER DENYING MOTION TO |
| | ) CHANGE VENUE |
| v. | ) |
| | ) ORDER DENYING REQUEST FOR |
| TULARE DISTRICT HOSPITAL, | ) ELECTRONIC FILING WITHOUT |
| MICHAEL BULLOCK and CRAIG | ) PREJUDICE |
| TANAKA, | ) |
| | ) ORDER DENYING REQUEST TO WAIVE |
| | ) COSTS OF LITIGATION |
| | ) |
| Defendents. | ) (Doc. 49) |
| | ) |

## INTRODUCTION

Plaintiff, Chrisma Griggs ("Plaintiff"), filed a complaint on March 8, 2010, alleging Defendants, Tulare District Hospital, Michael Bullock and Craig Tanaka engaged in sexual harassment, retaliation and sexual discrimination against Plaintiff. The complaint alleges a cause of action for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* and a cause of action for sexual harassment pursuant to California Government Code § 12900 *et seq*. Defendant Tulare District Hospital filed an answer on June 28, 2010, as well as a cross-claim against Sodexo America, LLC, on September 22, 2010. (Docs. 12 and 17).[1]

---

[1] Sodexo America is an independent contractor and the alleged employer of Defendant Craig Tanaka. Defendants Craig Tanaka and Michael Bullard have not appeared in this action.

On February 17, 2011, Plaintiff's counsel filed a Motion to Withdraw on the basis that there was a breakdown of communication with Plaintiff as evidenced in part by Plaintiff's refusal to participate in her deposition. (Docs. 35-37 37). Plaintiff did not oppose the Motion to Withdraw, nor did she attend the hearing on the motion that was held on April 15, 2011. (Doc. 41). The Motion to Withdraw as counsel was granted on April 19, 2011. (Doc. 43).

The Court required that the parties appear for a status conference on April 27, 2011. (Doc. 43). Plaintiff was advised that if she did not appear, her case may be dismissed. Plaintiff failed to appear for the hearing on April 27, 2011. (Doc. 44).

On April 29, 2011, this Court issued an Order to Show Cause requiring Plaintiff to personally appear on May 25, 2011, and show cause why her case should not be dismissed for failure to prosecute. (Doc. 45). On May 24, 2011, the Court received a telephone call from Plaintiff requesting a continuance of the hearing, as well as a request that her case be transferred to Sacramento, California. Plaintiff was advised that the Court could not consider ex parte requests and all requests must be filed in writing with proper service to opposing counsel.

On May 25, 2011, Defendants' counsel appeared at the Order to Show Cause hearing, however, Plaintiff did not appear. In light of the fact that Plaintiff contacted the Court, the Order to Show Cause hearing was continued until July 11, 2011 to give Plaintiff another opportunity to appear. (Doc. 46).

On June 14, 2011, Plaintiff filed a motion wherein Plaintiff requests that: 1) her case be transferred to Sacramento, California; 2) the Court waive the costs of the litigation; and 3) the Court permit her to file documents electronically. The Court construed Plaintiff's Request for a Transfer as a Motion to Change Venue and ordered Defendants to file a response to that motion. (Doc. 51). Defendant Tulare District Healthcare System filed an opposition on June 21, 2011. (Docs. 52-54). Defendant Sodexo America filed an opposition on June 22, 2011. (Docs. 56 and 57). Plaintiff filed a reply on July 1, 2011. (Doc.58).[2] The Court has reviewed all of the pleadings and denies all of Plaintiff's requests.

---

[2] The Court notes that Plaintiff's filing was untimely but the Court will consider it in this instance because she was given limited time to file a reply. However, Plaintiff is advised that this Court will not consider late filings in the future without the appropriate motion and the establishment of good cause.

# DISCUSSION

*Plaintiff's Motion to Change Venue*

28 U.S.C. § 1391 (b) provides that :

> A civil action wherein jurisdiction is not founded soley on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(b).

A Court may transfer a civil action to any other district or division where the action might have been brought for the convenience of parties and witnesses, or in the interest of justice. 28 U.S.C.A. § 1404.(a). Moreover, a civil action may be transferred in the discretion of the court, from the division in which the matter is pending to any other division in the same district. 28 U.S.C. 1404(b).

The purpose of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Factors the Court may consider when deciding whether to change venue include convenience of witnesses and parties, judicial economy, relative ease of access to proof, availability of compulsory process, and possibility of view of premises. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 258, n. 6 (1981); *Darado v. Laborers Pension Trust Fund for Northern California,* 2006 WL 24020096 (Aug. 18, 2006, E.D. Cal). The convenience and interest of justice factors are addressed to a court's inherent discretion and interpreted broadly to allow a court to consider the particulars of each case. *Lopez Perez v. Hufstedler*, 505 F.Supp. 39, 41 (D. D.C. 1980). Transfer rulings under 28 U.S.C. § 1404(a) generally turn on practical considerations, including judicial economy (whether transfer will avoid duplicative litigation, effect judicial economy and prevent waste of time and money). *Van Dusen*, 376 U.S. at 616.

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a). Courts generally will not order a transfer unless the "convenience" and

1  "interest of justice" considerations strongly favor venue elsewhere. *Securities Investor
2  Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). The party seeking a transfer
3  has the burden to show that convenience of parties and witnesses and interest of justice require
4  transfer to another district. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279
5  (9th Cir. 1979); *Los Angeles Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal.
6  1981).

7  As a preliminary matter, Plaintiff has not provided the Court with any legal authority in
8  support of her Motion to Change Venue. Plaintiff merely states that she wants the case
9  transferred to Sacramento because she now lives there and her income is limited to disability
10 benefits which imposes a hardship for her. In her reply, Plaintiff also argues that she is currently
11 on medications which limit her ability to travel to Fresno, and that she did not appear for her
12 deposition because she went into premature labor.

13 Although the Court is sympathetic to Plaintiff's situation, Defendants correctly note that
14 the case was properly filed within the Fresno Division because the events giving rise to this
15 lawsuit occurred in Tulare County. Moreover, Plaintiff does not address any issues related to
16 witness convenience, how transferring the case to Sacramento will serve justice, nor does she
17 indicate how a transfer will facilitate judicial economy.

18 Here, Plaintiff has failed to appear for numerous Court appearances. Moreover, at the
19 hearing to withdraw as counsel, her attorney indicated that she did not maintain contact with him.
20 Although Plaintiff alleges she was unable to appear for her deposition due to medical issues,
21 there is ambiguity in the record surrounding whether Plaintiff properly notified her attorney and
22 opposing counsel of her situation. The Court also has concerns regarding Plaintiff's reliability
23 and whether she is committed to litigating her case. There is no evidence that transferring this
24 case will address these issues.

25 Although Plaintiff argues that Defendants' attorneys are located in San Francisco and
26 Monterey, California, and the Sacramento Division would be closer to all of them, Defendants
27 have opposed the motion noting that all of the witnesses and most of the evidence is located
28 within the Fresno Division. Furthermore, transferring this case to the Sacramento Division will

require that a different judge become familiar with the facts and posture of this case. This is espeically burdensome since there is an Order to Show Cause that has been issued by this Court, and a hearing is scheduled for July 11, 2011. Transferring venue to Sacramento for Plaintiff's convenience is not proper given these circumstances. Accordingly, Plaintiff's Motion to Change Venue is DENIED.

*Plaintiff's Motion to Waive Costs of the Litigation*

Plaintiff requests that this Court waive all court costs and fees. Plaintiff is advised that she already paid the $350.00 filing fee when her complaint was filed. (Doc. 1). This Court does not require additional fees to file motions or other documents related to this litigation. Moreover, this Court has no authority to waive other litigation costs such as witness fees, discovery costs, or attorney fees. Therefore, there are no other costs that this court may waive at this time. Therefore, Plaintiff's request to waive costs of this litigation is DENIED.

*Plaintiff's Request to File Documents Electronically*

Plaintiff has requested that she be permitted to file documents electronically via the CM/ECF system. Electronic filing requires a commitment on behalf of Plaintiff that she set up her own account through the PACER system and that she maintain a valid e-mail account. If permission is given, electronic filing will be the only method of filing and receiving documents with the Court. The Court will not mail documents to Plaintiff as well as serve her electronically. Plaintiff is also advised there is a fee of $.08 to view each page of every document.[3] The Court is unable to waive the costs of electronic filing.

Given Plaintiff's lack of appearances before this Court as well as the costs associated with filing documents on the CM/ECF system, electronic filing appears to be cost prohibitive for Plaintiff at this time. Accordingly, Plaintiff's request to file documents electronically is DENIED WITHOUT PREJUDICE. If Plaintiff believes she is able to comply with the requirements of electronic filing upon reviewing this order she may renew her request at the order to show cause hearing.

---

[3] Plaintiff is given one free viewing to examine each document. However, after the one free viewing, the $.08 fee applies.

**CONCLUSION**

Given the above, the following IS HEREBY ORDERED :

1) Plaintiff's Motion for a Change of Venue is DENIED;

2) Plaintiff's Request to waive litigation costs is DENIED;

3) Plaintiff's request to file documents electronically is DENIED WITHOUT PREJUDICE; and

4) Given Plaintiff's circumstances, this Court will permit Plaintiff to appear by telephone for the Order to Show Cause Hearing on July, 11, 2011 at 10:30 am, and may permit future telephonic appearances if necessary.  Plaintiff is advised that if she fails to appear for the Order to Show Cause Hearing, her case will be dismissed.  Plaintiff is also strongly encouraged to obtain an attorney. If Plaintiff continues to represent herself pro se, it is expected that she will follow the Local Rules of this Court, the Federal Rules of Civil Procedure, and provide the Court with appropriate legal authority.  Failure to do so may result in the imposition of monetary sanctions, the exclusion of evidence, and/or dismissal of her case.

IT IS SO ORDERED.

Dated:   **July 1, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE