# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISMA GRIGGS,<br><br>Plaintiff,<br><br>v.<br>TULARE DISTRICT HOSPITAL,<br>MICHAEL BULLOCK and CRAIG<br>TANAKA<br><br>Defendants. | 1:10-cv-412 OWW-GSA<br><br>ORDER VACATING STATUS CONFERENCE SET BEFORE THE HONORABLE OLIVER W. WANGER ON JULY 28, 2011<br><br>ORDER REGARDING PARTIES' JOINT SCHEDULING REPORT<br><br>AMENDED SCHEDULING ORDER SETTING NEW DATES IN THIS CASE<br><br>Discovery Deadlines:<br>　　Non Expert Discovery: 8/25/11<br>　　Expert Disclosure: 9/9/11<br>　　Supplemental Expert Disclosure: 9/30/11<br>　　Expert Discovery:10/28/11<br><br>Motion Deadlines:<br>　　Non-Dispositive Filing: 11/4/11<br>　　Dispositive Filing: 12/2/11<br><br>Settlement Conference: Not Set<br><br>Pre-Trial Conference: 1/30/12 before OWW<br>　　Courtroom 3, 7th Floor<br><br>Trial : 2/7/12 at 9:00 before OWW<br>　　Courtroom 3, 7th Floor<br>(Doc. 62) |

On July 11, 2011, this Court held an Order to Show Cause hearing. (Doc. 60). The Order

1

to Show Cause was vacated and the parties were advised that some of the dates in the scheduling order issued on July 23, 2010 had expired. (Doc. 61).  As such, this Court ordered that the parties supply the Court with a joint scheduling report with proposed deadlines for this case.  A status report to address setting new dates was set for July 28, 2011 at 8:15 before the Honorable Oliver W. Wanger. (Doc. 61).

On July 21, 2011, the parties filed a Joint Scheduling Report.  (Doc. 62).  Although the document is entitled "Joint Scheduling Report," it is in fact a stipulation in which all parties agree that only the Defendants may extend the non-expert discovery deadline which is currently April 29, 2011 until August 25, 2011, so that Plaintiff's deposition may be taken.  There are no other requests for modification of the scheduling order.  However, extending the non-expert discovery deadline as proposed will not only will affect all of the other dates in this case, but also is not appropriate given that Plaintiff recently began representing appearing pro se.  Since neither party has provided the Court with additional dates, the status conference set before the Honorable Oliver W. Wanger on July 28, 2011 at 8:15 am is VACATED.  Furthermore, the Court modifies the dates outlined in the scheduling order issued on July 23, 2010 as set forth below:

### I.   Discovery Plan and Cut-Off Dates

The parties are ordered to complete all discovery pertaining to non-experts on or before **August 25, 2011.**  The parties are directed to disclose all expert witnesses, in writing, on or before **September 9, 2011.**  The parties also shall disclose all supplemental experts on or before **September 30, 2011.**  The written designation of experts <u>shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder</u>.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **October 28, 2011.**  The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.


## II. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **November 4, 2011** and will be heard in Courtroom 10 before Magistrate Judge Gary Austin. In scheduling such motions, the parties shall comply with Local Rule 230. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In scheduling such motions, the Judge may grant applications for an order shortening time pursuant to Local Rule 6. However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge Austin's chambers by email to gsaorders@caed.uscourts.gov.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Austin shall not exceed thirty (30) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do no include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so do is made to Judge Austin's Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

All Dispositive Pre-Trial Motions shall be filed no later than **December 2, 2011** and will be heard before The Honorable Oliver W. Wanger. In scheduling such motions, the parties shall comply with Local Rules 230 and 260. **Moreover, the parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with protruding numbered or lettered tabs so that the Court can easily identify such exhibits**.

### Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be

raised in the motion.

The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

### III.    Pre-Trial Conference Date

The pre-trial conference will be held on **January 30, 2012**, **at 11:00 a.m.** in Courtroom 3 before the Honorable Oliver W. Wanger.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Wanger's chambers by emailing it to owworders@caed.uscourts.gov.

The parties' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

### IV.    Trial Date

The trial will be held on **February 7, 2012**, **at 9:00 a.m.** in Courtroom 3 before the Honorable Oliver W. Wanger, United States District Court Judge.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

4

1         a.    A jury trial has been requested.

2         b.    Parties' Estimate of Trial Time: 6-7 days.

3         c.    Parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285, for preparation of trial briefs.

### V.   Settlement Conference

A Settlement Conference was previously scheduled but was vacated due to the procedural posture of this case. The parties are advised to contact the court if they determine that a settlement conference would be beneficial. In the event that a settlement conference is held, <u>the attorneys who will try the case</u> shall appear at the Settlement Conference <u>with the parties</u> and the person or persons having <u>full authority</u> to negotiate and settle the case <u>on any terms</u>[2] at the conference.

<u>CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT</u>

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Magistrate Judge Austin's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement <u>should not be filed</u> with the Clerk of the Court <u>nor served on any other party</u>, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A. A brief statement of the facts of the case.

    B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

5

on the claims and defenses; and a description of the major issues in dispute.

        C.  A summary of the proceedings to date.

        D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

        E.  The relief sought.

        F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer. .

**VI.     Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**VII.    Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions, including but

1  not limited to, dismissal of this action. **The dates set forth in this amended scheduling**
2  **supersedes the original scheduling order.  However, all other directives outlined in the July**
3  **23, 2010 order (Doc. 16) not explicitly modified by this order remain in full force and effect.**
4     The Clerk's Office is directed to serve this order, as well as the Scheduling Order signed
5  by Judge Wanger on July 22, 2010, on Plaintiff. (Doc. 16).

8     IT IS SO ORDERED.
9     Dated:   **July 26, 2011**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE